UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HONORA F.,

                    Plaintiff,

v.                                                              8:20-CV-548
                                                                (TWD)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

APPEARANCES:                          OF COUNSEL:

SCHNEIDER & PALCSIK                   MARK A. SCHNEIDER, ESQ.
  *Counsel for Plaintiff*
57 Court Street
Plattsburgh, New York 12901


U.S. SOCIAL SECURITY ADMIN.           CHRISTOPHER LEWIS POTTER, ESQ.
  *Counsel for Defendant*
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

## I.    INTRODUCTION

        Honora F. ("Plaintiff") brings this action against the Commissioner of Social Security

("Defendant" or the "Commissioner") pursuant to 42 U.S.C. § 405(g) seeking to vacate and

remand a decision from the Commissioner that denied her request for disability benefits.  (Dkt.

No. 1.)  Administrative Law Judge ("ALJ") Andrew J. Soltes, Jr., found Plaintiff suffered from

the severe impairments of a herniated disc, sacral joint disorder, status post spinal fusion,

migraines, and anxiety; however, the ALJ also found she retained the residual functional

capacity ("RFC") to perform sedentary work with certain non-exertional limitations and limited her to work to a low stress environment. (Administrative Transcript[1] at 14, 16.)[2] Therefore, the ALJ concluded Plaintiff was not disabled. *Id.* at 21.

Plaintiff initially argues the Commissioner did not meet his burden at Step 5. (Dkt. No. 15 at 23-25.) Plaintiff also argues the ALJ who decided her claim improperly weighed the medical evidence and failed to consider her subjective complaints. *Id.* at 25-34. Plaintiff lastly argues the RFC is not supported by substantial evidence. *Id.* at 34-40. Defendant contends substantial evidence supports the entirety of the ALJ's decision, the correct standards of review were applied, and therefore the decision should be upheld. (Dkt. No. 19.) After carefully reviewing the record and, for the reasons noted by Defendant and as set forth below, the Commissioner's decision denying Plaintiff's disability benefits is affirmed.

## II.   DISCUSSION

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d. 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v.*

---

[1]  The Administrative Transcript is found at Dkt. No. 12. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Page references other documents identified by docket number are to the page numbers assigned by the Court's CM/ECF electronic filing system.

[2]  Plaintiff filed her initial claim for disability insurance benefits under Title II of the Social Security Act on July 15, 2014, with an onset date of July 1, 2012, when she was 39 years of age. (T. at 10.) She also filed a Title XVI application for supplemental security income on January 10, 2019. *Id.* In her Title II application, she alleged the following conditions: sacral iliac joint dysfunction on right side; anxiety; and migraines. *Id.* at 203. In her Title XVI application, she alleged those same conditions along with the additional following conditions: facet DJD fused at L4, L5, and L5, S1; herniated discs in back; pinching on nerve roots; and specified anxiety triggered by pain. *Id.* at 218.

*Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (*citing Johnson v. Bowen*, 817 F.2d 983, 985 (2d. Cir. 1987)).  A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.

       **A.**      **Substantial Evidence Supports the Commissioner's Determination at Step 5**

       Where a claimant can demonstrate that his or her impairments prevent a return to past relevant work, the burden then shifts to the Commissioner to prove that a job exists in the national economy which the claimant can perform.  *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); 20 C.F.R. §§ 404.1560(c), 416.960(c).  The ALJ may apply the Medical Vocational Guidelines (the "grids") or consult a Vocational Expert ("VE").  *See Heckler v. Campbell*, 461 U.S. 458, 462 (1983); *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); 20 C.F.R. pt. 404, subpt. P, App. 2.  In cases such as the present case where a non-exertional limitation including pain may substantially reduce the range of work an individual can perform, the ALJ must consult a VE.  *Bapp v. Bowen*, 802 F.2d 601 (2d Cir. 1986).

       The VE may testify as to the existence of jobs in the national economy, and as to the claimant's ability to perform any of those jobs, given her functional limitations.  *See Colon v. Comm'r of Soc. Sec.*, No. 6:00-CV-0556, 2004 WL 1144059, at *6 (N.D.N.Y. Mar. 22, 2004) (Sharpe, J.).  A VE's testimony is useful only if it addresses whether the particular claimant, with her limitations and capabilities, can realistically perform a particular job.  *See Aubeuf v. Schweiker*, 649 F.2d 107, 114 (2d Cir. 1984) (citation omitted).  The ALJ is responsible for determining the claimant's capabilities based on all the evidence, and the hypothetical questions to the VE must present the full extent of the claimant's impairments to provide a sound basis for the VE's testimony.  *Colon*, 2004 WL 1144059, at *6.  However, there must be "'substantial

record evidence to support the assumption upon which the [VE] based his opinion.'" *Id.* (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983)).

According to the Regulations, "[w]ork exists in the national economy where there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. §§ 404.1566(b), 416.966(b). "Courts have generally held that what constitutes a 'significant' number is fairly minimal." *Fox v. Barnhart*, No. 6:02-CV-1160 (FJS), 2009 WL 367628, at *20 (N.D.N.Y. Feb. 13, 2009) (collecting cases).

Here, at Step 5, the ALJ found Plaintiff could perform the occupation of document preparer and parimutuel ticket checker. (T. at 21.) Collectively, the VE testified that the total number of jobs in these two occupations in the national economy is 50,822 jobs. *Id.* at 90. The Court finds this number of jobs is significant and satisfies the Commissioner's limited Step 5 burden. *See Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177-78 (W.D.N.Y. 2018) (collecting cases). Therefore, Plaintiff's cursory argument in this regard fails. (Dkt. No. 15 at 24, n.13.)

Plaintiff further argues the ALJ did not ask the VE a hypothetical question about sedentary work that included a sit/stand option as set forth in the RFC. (Dkt. No. 15 at 24, 37.) However, the record does not support this argument and instead shows the ALJ asked the VE several hypotheticals which included the need to "alternate between sitting and standing at will" while remaining on task. (T. at 89, 90.) The second hypothetical posed by the ALJ assumed an individual with the sit/stand option, and the fourth hypothetical assumed the same limitations as the second hypothetical, including the sit/stand option, except that the fourth hypothetical assumed an individual limited to sedentary work just as in the RFC determination here. *Id.*; *see also id.* at 16.

4

Lastly, Plaintiff asserts in conclusory fashion that the jobs of document preparer and parimutuel ticket checker do not include the ALJ's determination in the RFC limiting Plaintiff to "low stress work environment defined as: simple routine tasks; basic work-related decisions, and rare changes in the workplace setting." (Dkt. No. 15 at 25; *see also* T. at 16.) However, these two occupations, document preparer and ticket checker, have a Specific Vocational Preparational ("SVP") level of 2, *see* Dictionary of Occupational Titles ("DOT") 249.587-018, 1991 WL 672349; DOT 219.587-010, 1991 WL 671989, which means they are "unskilled work." SSR 00-4p, 2000 WL 1898704, at *3. Additionally, neither of the listings for document preparer or ticket checker in the DOT indicate that these jobs require the need to perform more than routine simple tasks, make decisions, or change work settings. *Id.* Furthermore, the ALJ expressly stated he determined, "pursuant to SSR 00-4p . . . that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (T. at 21.) "Consequently, there is no basis for a court to conclude that jobs identified by the vocational expert conflict with [Plaintiff's] residual functional capacity rating or the *Dictionary of Occupational Titles*." *Walker v. Colvin*, No. 12-cv-483, 2013 WL 5434065, at *12 (N.D.N.Y. June 19, 2013), *report and recommendation adopted by*, 2013 WL 5434065 (N.D.N.Y. Sept. 27, 2013).

Accordingly, the Court finds the Commissioner's Step 5 findings are supported by substantial evidence, and correct legal principles were applied.

### B.    The Commissioner Did Not Err in Weighing the Opinion Evidence

As noted above, Plaintiff asserts substantial evidence does not support the ALJ's decision. (Dkt. No. 15.) Specifically, she argues the ALJ failed to appropriately consider her treating providers' opinions and the medical treatment records. To that end, treating Physician

Assistant Glenn Lyons ("PA Lyons") opined in a source statement dated January 7, 2019, that Plaintiff could lift and carry less than 10 pounds on an occasional and frequent basis, could stand and sit less than two hours each during an 8-hour workday, would need to shift positions at will, would have to lie down for about four hours during the day at unpredictable intervals, and could occasionally perform all postural activities.  (T. at 1484-85.)  PA Lyons based his opinion on medical findings related to Plaintiff's abdominal pain and urinary tract conditions.  *Id*. at 1484. The ALJ gave the opinion some weight, but found it was not entitled to significant weight largely because it was not based on the medical conditions relating to her back, anxiety, or migraines that Plaintiff alleged impaired her ability to work, and it was unsupported by the objective medical evidence.  *Id*. at 19; *see also id*. at 203, 218.

The ALJ also gave some weight to the opinion of Diane Charland, M.D.  *Id*. at 19.  Dr. Charland opined that Plaintiff could lift and carry 20 pounds on an occasional basis and 10 pounds on a frequent basis, could stand and walk about two hours during an 8-hour workday, and sit about six hours in a day, would need to shift positions at will, would have to lie down for less than two hours during the day at unpredictable intervals, and could frequently or occasionally perform all postural activities.  *Id*. at 1480-81.  Dr. Charland based her opinion on Plaintiff's pelvic reconstructive surgery.  The ALJ gave the opinion some weight, but found it was not entitled to significant weight because, like the opinion of PA Lyons, it was not based on the medical conditions relating to her back, anxiety, and migraines that Plaintiff alleged impaired her ability to work.  *Id*. at 19.  Additionally, the ALJ noted that Dr. Charland opined that Plaintiff's pain did not prevent her from functionally performing everyday activities or work.  *Id*. at 19, 1482.

6

The ALJ gave less weight to the opinion of Nurse Practitioner Anna Westervelt ("NP Westervelt") who did not submit a specific source statement but indicated Plaintiff would have limitations on lifting (without further specifics) in the immediate time post abdominal surgery. *Id.* at 20, 1113-14. The ALJ gave little weight to the opinion of state agency reviewer Dr. Dambrocia regarding Plaintiff's mental health symptoms because he did not examine Plaintiff, and he did not have the complete medical evidence of record. *Id.* at 20.

Plaintiff asserts the ALJ erred in assessing these opinions and the other medical evidence of record by arguing that the records show she has been unable to work due to the exertional and non-exertional limitations related to her back surgeries, her mental health issues, and her other severe impairments. (Dkt. No. 15 at 31.) The Court disagrees and concludes the ALJ's review of the medical evidence was appropriate and substantial evidence supports Plaintiff's RFC.

To be sure, the SSA prefers the medical opinions of a physician who is engaged in the primary treatment of a claimant. Thus, according to the relevant regulations, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). There are, of course, circumstances when it is appropriate for an ALJ not to give controlling weight to a treating physician's opinion. *See, e.g.*, *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam) (holding "the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts"). Nevertheless, even when a treating physician's opinion is not given controlling

weight, SSA regulations require the ALJ to consider several factors in determining how much weight the opinion should receive. *See* 20 C.F.R. § 404.1527(c)(2)(i), (2)(ii), (3) – (6). "[T]o override the opinion of the treating physician, we have held that the ALJ must consider, *inter alia*: (1) the frequen[c]y, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam). "After considering the above factors, the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" *Burgess*, 537 F.3d at 129 (alteration in original) (quoting *Halloran*, 362 F.3d at 33). The failure to provide "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Id*. at 129-30 (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)). The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion. *Id*. at 131.

Here, Plaintiff contends in conclusory fashion that the ALJ replaced the findings and opinions of her medical providers with "his own unsupported medical conclusions" and then summarily states "[t]here is *no* medical support for his conclusion that she had the RFC to perform sedentary work on a full-time sustained basis after July 1, 2012." (Dkt. No. 15 at 31-32 (emphasis in original).) ALJ Soltes, however, considered the opinions of record and properly afforded the opinions of PA Lyons and Dr. Charland, some weight. (T. at 19.) Specifically, the ALJ correctly pointed out the opinions were based upon medical findings regarding Plaintiff's abdominal and urinary conditions, rather than the conditions Plaintiff claims prevent her from working. *Id.* Moreover, the ALJ has the discretion not to give controlling weight to the opinions of PA Lyons or NP Westervelt since, although they are treating sources, neither one is an

acceptable medical source. *See* 20 CFR § 404.1513(a), (d); SSR 06-03p, 2006 WL 2329939, at

*2-3). "[A]n ALJ is 'free to consider' statements of other sources, such as nurse practitioners, in

making her overall assessment; however, 'those opinions do not demand the same deference as

those of a treating physician.'" *Barnaby v. Comm'r of Soc. Sec.*, No. 8:17-CV-0399

(GTS/WBC), 2018 WL 4522057, at *7 (N.D.N.Y. June 6, 2018) (quoting *Genier v. Astrue*, 298

F. App'x 105, 108 (2d Cir. 2008) (summary order)).   In determining what weight to give this

other medical evidence, an ALJ has more discretion than when considering a medical opinion

from a treating physician.  *See* SSR 06-03p; *see also Jodi B. v. Comm'r of Soc. Sec.*, No. 19-CV-

00834, 2021 WL 3682736, at *1 (W.D.N.Y. Aug. 19, 2021).  The ALJ's decision should,

however, reflect consideration of the information from the other source so that a subsequent

reviewer may follow the ALJ's reasoning.  *See* SSR 06-03p.

        Here, the ALJ noted he considered the opinion of PA Lyons, but explained that he did not

give it significant weight since the opinion was based upon a condition that Plaintiff did not

claim was disabling.  (T. at 19.)  He also pointed out that the objective medical evidence did not

support the limitations being related to Plaintiff's other physical and mental health symptoms.

*Id.*  Likewise, the ALJ considered the opinion of NP Westervelt but noted it only addressed

Plaintiff's course of treatment immediately following surgery for her genitourinary symptoms,

and the Plaintiff later denied any further symptoms after recovering from the surgery.  *Id*. at 20,

737, 1114.  The ALJ also addressed Plaintiff's treatment by Dr. Charland, who performed that

surgery and noted that Dr. Charland opined Plaintiff had pain, but it did not prevent functioning

in everyday activities or work.  *Id*. at 19, 1482.

        Additionally, the Second Circuit has held that where "the record contains sufficient

evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical

source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  Thus, an RFC determination is not fatally flawed merely because it was formulated absent a medical opinion or specific limitation.  *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020); *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC); *Trepanier v. Comm'r of Soc. Sec.*, 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ's RFC determination related to plaintiff's lifting requirement, while not directly supported by a medical opinion, was supported by an assessment from which the ALJ could infer that plaintiff could perform the lifting requirement).

Here, contrary to Plaintiff's assertions, the ALJ did not draw medical conclusions; instead, and pursuant to his statutory authority, the ALJ considered the medical and other evidence in the record in its totality to reach an RFC determination.  *Curry v. Comm'r Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2021).  Although Plaintiff did undergo past spinal surgery, the record supports the ALJ's assessment of the medical opinions as multiple treatment notes from the relevant time period generally document that Plaintiff denied urinary symptoms, musculoskeletal symptoms, and psychiatric symptoms; findings on exams of her musculoskeletal system including her spine, as well as on mental exams were generally normal, although she did complain of abdominal and back pain at some encounters and the physical exams occasionally

showed some positive findings. (*See, e.g.*, T. at 700, 701, 703, 704, 706, 708-711, 714, 715, 713, 714, 726, 728-731, 737, 738, 743, 753, 756, 759, 761, 762, 1513, 1514, 1517, 1518, 1526, 1527, 1529.)

In sum, the Court is satisfied that the ALJ considered the medical opinions as the Regulations require and substantial evidence supports his assessment of the weight afforded to the opinions.

### C.     Substantial Evidence Supports the RFC

Having concluded that the ALJ properly weighed the relevant medical opinion evidence, it follows that substantial evidence supports Plaintiff's RFC. As noted, the ALJ is not required to base the RFC finding on a specific medical opinion. *Monroe*, 676 F. App'x at 8. Here, the ALJ noted that although the Plaintiff had severe conditions related to her spine, imaging showed no nerve impingement, and only mild stenosis and facet arthritis. (T. at 17, 909, 1253.) She had a normal sacroiliac joint. *Id*. at 18, 1441. The medical records show Plaintiff denied joint pain, stiffness, and weakness. *Id*. at 467, 528, 737, 753, 756, 875, 927. On exams, she had full strength and full range of motion in all areas. *Id*. at 468, 483, 490, 526, 529, 756, 759, 843, 870, 876, 900, 904, 911, 928. While the ALJ found her migraines to be severe, Plaintiff frequently denied headaches. *Id*. at 13, 737, 778, 925, 927, 935, 947, 992-93, 1034, 1066, 1504. In any event, there is no evidence in the record that supports any functional limitation related to Plaintiff's migraines. Likewise, the ALJ found Plaintiff's anxiety to be severe, but again there is no evidence in the record showing any functional limitation tied to her anxiety. Rather, as the ALJ noted, she often denied anxiety, depression and delusions, and the records document primarily normal psychiatric findings. *Id*. at 18, 761, 762, 770, 771, 778, 779, 794, 802, 818, 834, 847, 854, 856.

Though Plaintiff may disagree with the RFC, the ALJ properly weighed the medical evidence and devised an RFC that is consistent with that evidence.  As noted above, it is the ALJ's job to determine a claimant's RFC, and not to simply agree with a provider's opinion.  20 C.F.R. § 416.946(c).  It is not this Court's role to reweigh the evidence and come to a different conclusion.  *See Aponte v. Sec'y, Dept. of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (noting that "[i]t is the function of the Commissioner, not the reviewing courts, to resolve evidentiary conflicts . . . " (citation and internal punctuation omitted)).  Having considered the medical records, the Court finds substantial evidence supports Plaintiff's RFC.

### D.    The ALJ Properly Evaluated Plaintiff's Symptoms

Plaintiff argues the ALJ failed to properly assess her subjective complaints.  (Dkt. No. 15 at 32-34.)  Specifically, she contends none of her "treating sources ever thought she exaggerated her impairments and limitations" and she regularly treated for her conditions.  *Id*. at 34.  Plaintiff also argues that her daily activities are not indicative of her ability to do work.  *Id*.

Again, the Court disagrees.  SSA regulations obligate an ALJ "to take the [plaintiff]'s reports of pain and other limitations into account, [but the ALJ] is not required to accept the [plaintiff]'s subjective complaints without question."  *Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012) (summary order) (alterations and internal quotation marks omitted) (quoting, *inter alia*, *Genier*, 606 F.3d at 49).  "The ALJ will consider all of the available medical evidence, including a [plaintiff]'s statements, treating physician's reports, and other medical professional reports."  *Fontanarosa v. Colvin*, No. 13-CV-3285 (MKB), 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012) (summary order)).  "To the extent that a [plaintiff]'s allegations of [a symptom] 'are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry.'"  *Id*. (quoting

12

*Meadors v. Astrue*, 370 F. App'x 179, 184 (2d Cir. 2010) (summary order) (citing 20 C.F.R. §

404.1529(c)(3)(i)–(vii))).  Evaluation of symptoms (formerly credibility determinations) "must

contain specific reasons for the finding on credibility, supported by the evidence in the case

record, and must be sufficiently specific to make clear to the individual and to any subsequent

reviewers the weight the adjudicator gave to the individual's statements and the reasons for that

weight."  *Atwater v. Astrue*, No. 10-CV-420 (WMS), 2012 WL 28265, at *6 (W.D.N.Y. Jan. 5,

2012) (internal quotation marks and citation omitted), *aff'd*, 512 F. App'x 67 (2d Cir. 2013)

(summary order).

 Here, substantial evidence supports the ALJ's assessment of her subjective complaints.

The ALJ summarized Plaintiff's alleged symptoms and limitations including her headaches, back

pain, and anxiety.  (T. at 16-17 (citing Plaintiff's testimony; *see* T. at 58, 61-85).)  The ALJ

ultimately found her symptoms are not entirely consistent with the medical record.  *Id*. at 17.

The ALJ discussed, and the record supports, Plaintiff's overall positive response to medication

and treatment for her back and anxiety, her negative or mild findings on examinations of her

back and in spinal diagnostic tests results, her own reports to her treatment providers regarding

her headaches and anxiety, and the results of a CT scan of her brain.  *Id*. at 17-19; *see, e.g.*, *id*. at

586 (lumbar spine x-rays showing minimal curvature, well maintained disc space, preserved

vertebral body space, and no marked osteoarthropathy); *id*. at 909 (April 2014 MRI showing L5-

S1 central disc herniation, but without significant central spinal canal or neuroforaminal

stenosis); *id*. at 1253 (MRI of April 2017 showing mild disc bulging at L3-4, L4-5, and L5-6,

with mild L5-S1 neuroforaminal stenosis, mild arthritis, but no central spinal stenosis or nerve

impingement); *id*. at 467, 468, 483, 490, 494, 526, 528, 529, 737, 753, 756, 759, 839, 843, 870,

875, 876, 900, 904, 908, 911, 927, 928, 936, 956, 964, 965, 974 (some complaints of back pain

but otherwise denying joint pain, stiffness, swelling, weakness; treatment notes showing normal and full range of motion in back; and normal results in spinal objective tests such as Babinski, Faber, and straight leg raise); *id*. at 737, 778, 925, 927, 935, 947, 992-93, 1034, 1066, 1504 (denial of headaches at office visits and on exams); *id*. at 319 (normal brain CT scan); *id*. at 330 (noting depression and anxiety partially improved with medication); *id*. at 761, 770, 778, 794, 818, 847, 854 (denying anxiety, depression, and delusions); *id*. at 762, 771, 779, 794, 802, 818, 834, 856 (Plaintiff documented as having normal affect, with good eye contact and no suicidal ideation).)  Furthermore, the ALJ considered, and the record shows, Plaintiff was able to care for her children, perform self-care, clean the house, do laundry with assistance, shop, attend church, and drive her children to school and appointments.  *Id*. at 15, 18, 19, 1523; *see also id*. at 66, 70-72, 74-75, 83 (Plaintiff's testimony regarding her daily activities).

In sum, the ALJ carefully considered Plaintiff's subjective symptomology and substantial evidence supports his conclusion.  Plaintiff's arguments in this regard again invite the Court to reweigh the evidence and second-guess the ALJ's conclusions related to her symptoms. However, the Court is not permitted to do so when the record demonstrates substantial evidence supports the ALJ's decision.

## III.   CONCLUSION

Considering the foregoing, the Court finds substantial evidence supports the ALJ's decision, and correct legal standards were applied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 19) is

GRANTED; and it is further

ORDERED that Defendant's decision denying Plaintiff disability benefits is

AFFIRMED, and this case is DISMISSED.


Dated:  September 30, 2021
         Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

15